(No. 15908.—Reversed and remanded.)

LULU E. BARTHOLOME *et al.* Appellees, *vs.* GEORGE PHILLIPS *et al.* Appellants.

*Opinion filed April 14, 1924.*

1. WILLS—*general rule as to burden of proof in will contest as to sanity of testatrix.* In a will contest on the single issue whether the testatrix was of sound mind the burden is on the proponents in the first instance to establish the sanity of the testatrix by a preponderance of the evidence, but where the proponents have made *prima facie* proof of the sanity of the testatrix, and the evidence of the contestants is only sufficient to raise a doubt or balance the evidence of sanity, the presumption of sanity requires a determination of the issue in favor of the proponents.

2. SAME—*will can be set aside only on grounds alleged in bill—instruction.* Upon a bill to contest a will in chancery the will can be set aside only upon the grounds alleged in the bill even though other grounds appear in the evidence, and on a trial of the single issue as to the testatrix's mental capacity to execute the will it is error to instruct the jury as to the capacity of a person to make a valid will who is laboring under insane delusions or is partially insane, where there is no allegation in the bill and no proof that the testatrix was so afflicted.

3. SAME—*number of instructions should be limited in will contest on single issue of mental capacity.* In a will contest of the

single issue as to whether the testatrix had sufficient mental capacity to execute her will the law can be stated in a few instructions, and an unnecessarily large number tends to confuse, rather than enlighten, the jury and casts an unnecessary burden on the court.

APPEAL from the Circuit Court of Richland county; the Hon. J. C. EAGLETON, Judge, presiding.

H. G. MORRIS, (LEVI CLODFELTER, of counsel,) for appellants.

R. E. BOLEY, and R. S. ROWLAND, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal prosecuted by the proponents of the will of Nancy J. Orton, deceased, from a decree setting aside the will and its probate.

The testatrix was a widow and was seventy-two years old at her death. She left no child or descendants of a child surviving her. She left as her only heirs, a brother, George Phillips, and two sisters, Lulu Bartholome and Ellen Robbins. On January 7, 1922, she executed her will disposing of her property, personal and real. After directing the payment of her funeral expenses and debts, she devised all her real estate to her nephew, Eugene Phillips, in fee simple. By another paragraph of her will she bequeathed to Eugene all her personal estate. The will stated it was made as an expression of the regard and affection the testatrix had for her nephew and in appreciation of his regard and affection for her. The testatrix died February 21, 1922, and her will was duly admitted to probate and letters testamentary issued. The lawyer who wrote the will at the instance of the testatrix was named by her as executor, duly qualified and letters were issued to him. The sisters of testatrix filed the bill to contest the will. The bill alleged Nancy J. Orton was not of sound mind and memory

at the time she executed the will but was in her dotage, and her mind and memory were so impaired as to render her incapable of making any just and proper distribution of her estate. The bill further alleged that Eugene Phillips, and George Phillips, who is his father, exercised undue arts and influence, fraudulent practices and false representations to induce Nancy J. Orton to execute the instrument, and that when she executed it she was under improper restraint and undue influence of Eugene and George Phillips.

Eugene Phillips is a minor, and a guardian *ad litem* was appointed for him. George Phillips and the executor answered the bill jointly, and the guardian *ad litem* filed an answer for the minor defendant. The answers denied all the material allegations of the bill. An issue of fact was made up and submitted to the jury whether the instrument was or was not the will of Nancy J. Orton. At the first trial of the case the jury disagreed. At the second trial the jury returned a verdict finding the instrument was not the will of Nancy J. Orton. The court overruled a motion for a new trial and entered the decree appealed from, setting aside the will and its probate.

No testimony was offered to sustain the charge of fraud or undue influence, and the case was submitted to the jury on the issue, only, of testatrix's mental capacity.

The mental capacity required to make a valid will is defined in *Gregory* v. *Richey,* 307 Ill. 219, and cases there cited. The evidence as to the mental condition of the testatrix was contradictory, but was of a character to require accuracy in the instructions to the jury as to the law. The court gave in the form requested five instructions asked by proponents. Three others were modified and given as modified and seventeen were refused. On behalf of contestants the court gave nine instructions in the form requested. Proponents have assigned error on the court's ruling in modifying, and giving as modified, the three instructions and in refusing the instructions the court refused to give,

and also the ruling of the court in giving instructions for contestants.

We shall not take up the instructions in detail. It appears from the modified instructions given for proponents and some of the instructions given for contestants, that the law on the quantum of proof required to establish a will, as stated in the instructions, was misleading and liable to be misunderstood by the jury. Proponents' instruction 7 will serve to illustrate the manner in which the question was submitted to the jury. That instruction, as offered, told the jury that it was necessary for proponents in the first instance to show by proof that the testatrix possessed the necessary testamentary capacity to make a valid will and contestants might then offer evidence to the contrary; that if the testimony of proponents supported the validity of the will, the evidence of contestants must be sufficient to overcome the evidence in support of the will and the general presumption of law that all persons are sane until the contrary is proved, and that proponents' proof and the presumption of sanity must be overcome by the preponderance of the evidence on the part of contestants. The court modified the instruction by adding: "Provided, however, the burden of proof on this issue as to the sanity of Nancy J. Orton at the time of signing said instrument is on the proponents." From the instructions as a whole the jury would understand that the law placed the burden on proponents to establish the sanity of the testatrix by a preponderance of the evidence. In a qualified sense that is correct, but, especially in a will contest, the bare statement of the rule without any qualification is misleading. This subject received the consideration of this court in the recent case of *Donovan* v. *St. Joseph's Home,* 295 Ill. 125, where the authorities were reviewed, and the court said: "The rule declared is, if the *prima facie* case is made, that in the final decision upon the whole case the contestant will fail unless the preponderance of the whole evidence as to testamentary

capacity is on his side." The same rule is stated in *Walker* v. *Struthers,* 273 Ill. 387. There was no proof of any confidential relations between beneficiary and testatrix to affect the rule. In *Chaney* v. *Baker,* 304 Ill. 362, it was held that if the proponents of a will introduce proof of the sanity of the testator, and the evidence of the contestants is only sufficient to raise a doubt or balance the evidence of sanity, the presumption of sanity requires a determination in favor of the proponents. On behalf of contestants the court instructed the jury as to the capacity of a person to make a valid will who is laboring under insane delusions or is partially insane. There was no allegation in the bill and no proof on the trial that Nancy J. Orton was suffering from any such affliction. Contestants say in their brief that the sole issue was whether she was of sound mind and capable of making a valid will. It has been repeatedly held that upon a bill in chancery to contest a will it can be set aside only upon the grounds alleged in the bill; and this is so even if other grounds appear in the evidence. *Huffman* v. *Graves,* 245 Ill. 440; *Swearingen* v. *Inman,* 198 id. 255.

What we have said of the instructions is sufficient as a guide to avoid the same errors on another trial, and we will not further extend a discussion of them, but we think it proper to say that in a will contest of one simple issue we are unable to understand why so many instructions should be submitted to the court to be hurriedly passed upon during the trial. All the law governing the issue tried could be stated much more clearly in a few instructions than in a large number. An unnecessarily large number of instructions tends to confuse, rather than enlighten, the jury and imposes an unnecessary burden on the trial court.

For the reasons stated the decree is reversed and the cause remanded.

*Reversed and remanded.*